1  McGREGOR W. SCOTT
   United States Attorney
2  R. STEVEN LAPHAM
   MATTHEW D. SEGAL
3  Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, California 95814
   Telephone: (916) 554-2708

5

6

7

8
            IN THE UNITED STATES DISTRICT COURT FOR THE
9
                 EASTERN DISTRICT OF CALIFORNIA
10

11
   UNITED STATES OF AMERICA,        )      2:04-cr-0069-MCE
12                                   )
            Plaintiff,               )      PRELIMINARY
13                                   )      ORDER OF FORFEITURE
        v.                           )
14                                   )
   LARRY J. WELLS, and              )
15  JEFFREY WELLS,                   )
                                     )
16            Defendants.            )
17  _____)

18      Upon the stipulation and application for preliminary order of

19  forfeiture, the Court makes the following FINDINGS AND ORDERS:

20      1.  As the result of the guilty plea of Larry J. Wells to

21  Counts Nineteen and Twenty-two of the Indictment, charging him with

22  money transactions in criminally derived property in violation of 18

23  U.S.C. § 1957, and Counts Seven and Eight, charging him with wire

24  fraud in violation of 18 U.S.C. § 1343; and the guilty plea of

25  Jeffrey Wells to Counts One through Ten of the Indictment, charging

26  him with counts of wire fraud in violation of 18 U.S.C. § 1343, the

27  defendants, and each of them, shall forfeit to the United States:

28          a.  All funds frozen in Luxembourg in or about

                                1

August 2005 pursuant to a Mutual Legal Assistance Treaty Request sent on or about May 10, 2004,

b.  Real property located at 2905 Bird Rock Road, Pebble Beach, California, APN: 007-661-004, recorded owners Larry J. Wells and Dianna L. Wells, and

c.  Approximately $57,544.12 in U.S. Currency, plus any accrued interest on that amount in lieu of real property located at 906 Vine Avenue, Roseville, California, APN: 014-321-007, and substituted as the *res* herein.

2.  The Court finds, based upon the stipulation and application for preliminary order of forfeiture, the guilty pleas and plea agreements of Larry J. Wells and Jeffrey Wells, and the Court's files and records in this action, that the above-listed property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and/or 18 U.S.C. § 982(b)(1), incorporating 2 U.S.C. § 853(p).

3.  The Court finds that the asset identified in paragraph 1.a above as "All funds frozen in Luxembourg in or about August 2005 pursuant to a Mutual Legal Assistance Treaty Request sent on or about May 10, 2004" constitutes property traceable to Count Twenty-two, a violation of 18 U.S.C. § 1957, to which the defendant Larry J. Wells has pleaded guilty, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(1), and that the government has established the requisite nexus between such property and the offense of conviction.  The Court orders the preliminary forfeiture of such property to the United States.

4.  The Court finds that the asset identified in Paragraph 1.b above as "Real property located at 2905 Bird Rock Road, Pebble Beach, California, APN: 007-661-004, recorded owners Larry J. Wells and Dianna L. Wells," and the asset identified in Paragraph 1.c as

"Approximately $57,544.12 in U.S. Currency, plus any accrued
interest on that amount in lieu of real property located at 906 Vine
Avenue, Roseville, California, APN: 014-321-007, and substituted as
the *res* herein" constitute substitute assets pursuant to 18 U.S.C. §
982(b)(1), incorporating 21 U.S.C. § 853(p).  Some of the proceeds
from defendants offenses of conviction: cannot be located upon the
exercise of due diligence; have been transferred or sold to, or
deposited with a third party; and have been placed beyond the
jurisdiction of the Court.

5.  The approximately $57,544.12 in U.S. Currency, plus any
accrued interest on that amount in lieu of real property located at
906 Vine Avenue, Roseville, California, APN: 014-321-007, shall be
seized and held by the U.S. Marshals Service, in its secure custody
and control.  The Clerk of the Court shall disburse the
approximately $57,544.12 in U.S. Currency deposited on June 9, 2004,
on behalf of Jeffrey Wells, plus any interest that has accrued on
that amount, to the U.S. Marshals Service.  The Clerk of the Court
shall waive all service fees on the approximately $57,544.12 in U.S.
Currency.

6.  As the result of the offenses of conviction set forth in
paragraph one above, and based upon the plea agreements of Larry J.
Wells and Jeffrey Wells, the Court hereby enters the following money
judgments:

(i)  As against defendant Larry J. Wells the Court enters
a money judgment in the amount of $1,838,885.  To the extent that
the United States realizes any sums from the forfeiture of assets
specified in this preliminary order of forfeiture, the sum of the
$1,838,885 money judgment shall be reduced accordingly.  Larry J.

1  Wells and Jeffrey Wells are jointly and severally liable on the

2  money judgment;

3          (ii) As against Jeffrey Wells the Court enters a money

4  judgment in the amount of $1,838,885.  To the extent that the United

5  States realizes any sums from the forfeiture of assets specified in

6  this preliminary order of forfeiture, the sum of the $1,838,885

7  money judgment shall be reduced accordingly.  Jeffrey Wells and

8  Larry J. Wells are jointly and severally liable on the money

9  judgment.

10         7.  Upon entry of this Order, the Attorney General of the

11 United States (or his designee) is authorized to request under the

12 terms of the Mutual Legal Assistance Cooperation Treaty with

13 Luxembourg that the appropriate authorities of Luxembourg continue

14 to seize or restrain the asset identified in paragraph 1.a above as

15 "All funds frozen in Luxembourg in or about August 2005 pursuant to

16 a Mutual Legal Assistance Treaty Request sent on or about May 10,

17 2004" during the pendency of these forfeiture proceedings or until

18 further order of this Court.

19         8.  Pursuant to 18 U.S.C. § 982 incorporating 21 U.S.C. §

20 853(n) and Local Rule 83-171, the United States forthwith shall

21 publish at least once for three successive weeks in the Daily

22 Recorder (Sacramento County) and the Monterey Herald (Monterey

23 County), newspapers of general circulation located in the county in

24 which the above-described property will be seized, the district in

25 which this action was filed, or in the county in which the above-

26 described property is located, notice of this Order, notice of the

27 Attorney General's intent to dispose of the property in such manner

28 as the Attorney General may direct, and notice that any person,

other than the defendants, having or claiming a legal interest in
the above-listed property must file a petition with the Court within
thirty (30) days of the final publication of the notice or of
receipt of actual notice, whichever is earlier.  The Attorney
General (or his designee) is further authorized to request pursuant
to the Mutual Legal Assistance Cooperation Treaty with Luxembourg
and other means of obtaining cooperation that the appropriate
authorities of Luxembourg cooperate and assist the United States in
publishing notice of forfeiture in a newspaper of general
circulation within Luxembourg, and that such authorities further
cooperate and assist the United States by sending direct
notification to each person having a known and stated interest in
the asset identified in paragraph 1.a above, and which for persons
directly notified will substitute for published notification, in
addition to taking whatever additional steps are necessary to
provide notice, reasonably calculated under all the circumstances,
to apprize interested parties of the pendency of the action.  The
published notices shall state that the petition shall be for a
hearing to adjudicate the validity of the petitioner's alleged
interest in the property, shall be signed by the petitioner under
penalty of perjury, and shall set forth the nature and extent of the
petitioner's right, title or interest in the forfeited property and
any additional facts supporting the petitioner's claim and the
relief sought.  The Attorney General (or his designee) may also, to
the extent practicable, provide direct written notice to any person
known to have alleged an interest in the above-listed property that
is the subject of the Order of Forfeiture, as a substitute for
published notice as to those persons so notified.  No notice

1  specified in this paragraph is required to the extent that this

2  Order consists solely of a money judgment against Larry J. Wells or

3  Jeffrey Wells.   Rule 32.2(c)(1).

4      9.   Any person, other than the above-named defendants,

5  asserting a legal interest in the property may, within thirty days

6  of the final publication of notice or receipt of notice, whichever

7  is earlier, petition the Court for a hearing without a jury to

8  adjudicate the validity of his alleged interest in the property, and

9  for an amendment of this order of forfeiture, pursuant to 18 U.S.C.

10 § 982(b)(1) (incorporating 21 U.S.C. §§ 853(c) & (n)).   Any petition

11 filed by a third party asserting an interest in the property shall

12 be signed by the petitioner under penalty of perjury and shall set

13 forth the nature and extent of the petitioner's right, title, or

14 interest in the property, the time and circumstances of the

15 petitioner's acquisition of the right, title or interest in the

16 property, and additional facts supporting the petitioner's claim and

17 the relief sought.

18     10.   After the disposition of any motion filed under Fed. R.

19 Crim. P. 32.2(c)(1)(A), and before a hearing on the petition,

20 discovery may be conducted in accordance with the Federal Rules of

21 Civil Procedure upon a showing that such discovery is necessary or

22 desirable to resolve factual issues.

23     11.   If no third party files a timely claim, this Order shall

24 become the Final Order of Forfeiture, as provided by Fed. R. Crim.

25 P. 32.2(c)(2).   If a petition is timely filed, upon adjudication of

26 all third-party interests, if any, this Court will enter a Final

27 Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(1) and/or 18

28 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), in which all

1 such interests, if any, will be addressed.  The United States shall

2 have clear title to the property following the Court's disposition

3 of all third-party interests or, if none, following the expiration

4 of the period provided in 21 U.S.C. 853(n)(2) (as incorporated by 18

5 U.S.C. § 982(b)(1)).

6      12.  The Court shall retain jurisdiction to enforce this Order,

7 and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8      IT IS SO ORDERED.

9  Dated: February 12, 2007

11 _____
   MORRISON C. ENGLAND, JR.
12 UNITED STATES DISTRICT JUDGE