1  McGREGOR W. SCOTT
   United States Attorney
2  R. STEVEN LAPHAM
   MATTHEW D. SEGAL
3  COURTNEY J. LINN
   Assistant U.S. Attorneys
4  501 I Street, Suite 10-100
   Sacramento, California 95814
5  Telephone: (916) 554-2708

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )    CR-S-04-0069 MCE
                                    )
12          Plaintiff,              )    STIPULATION FOR FINAL
                                    )    ORDER OF FORFEITURE RE:
13      v.                          )    REAL PROPERTY AT 2905 BIRD
                                    )    ROCK ROAD, PEBBLE BEACH,
14 LARRY J. WELLS,                  )    CALIFORNIA AND ORDER
                                    )    THEREON
15          Defendant.              )
   _____)
16                                  )
   DIANNA L. WELLS and WASHINGTON   )
17 MUTUAL BANK,                     )
                                    )
18          Petitioners.            )
   _____)
19

20      IT IS HEREBY STIPULATED by and between plaintiff United States

21 of America and petitioners Dianna L. Wells and Washington Mutual

22 Bank, to compromise and settle their interests in the following

23 property (hereinafter, the "Property"), and to consent to the entry

24 of a Final Order of Forfeiture as to the following asset pursuant to

25 Fed. R. Crim. P. 32.2, 18 U.S.C. § 982(a)(1), and/or 18 U.S.C. §

26 982(b)(1), incorporating 21 U.S.C. § 853(p):

27           Real property located at 2905 Bird Rock Road,
             Pebble Beach, California, APN: 007-661-004,
28           recorded owners Larry J. Wells and Dianna L.

                               1

Wells, and more fully described as:

Lot 4 in Block 400, as shown on map entitled,
map of "Tract No. 429, Monterey Peninsula
Country Club No. 4" etc., filed April 9, 1963 in
the office of the County Recorder of the County
of Monterey, State of California in Volume 7 of
"Cities and Towns", at page 87.[1]

This stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1.  On June 19, 2006, Larry J. Wells entered into a plea agreement in which he pled guilty to Counts Nineteen and Twenty-two of the Indictment, which charge money transactions in criminally derived property in violation of 18 U.S.C. § 1957, and Counts Seven and Eight, which charge wire fraud in violation of 18 U.S.C. § 1343. The Court entered a Preliminary Order of Forfeiture on February 12, 2007.  Pursuant to 21 U.S.C. § 853(n)(1), the United States gave direct notice to Dianna L. Wells and Washington Mutual Bank, and published notice in The Daily Recorder on February 23, March 2, and 9, 2007.  Dianna L. Wells filed a Petition for Ancillary Hearing on March 19, 2007, claiming an undivided one-half interest in the Property.  Washington Mutual Bank filed a Petition for Ancillary Hearing on March 26, 2007, claiming a lien holder interest in the Property.   No other persons or entities have come forward and the time for maintaining a claim has expired.

2.  The parties hereby stipulate that Dianna L. Wells has an undivided one-half interest in the Property and Washington Mutual Bank is a lien holder on the Property.  Dianna L. Wells and Washington Mutual Bank each have a legal right, title, or interest

---

1  By separate application, the United States shall seek a final order of forfeiture as to other assets involved in this case.

in the Property, and that such right, title, or interest requires
the Court to amend the Preliminary Order of Forfeiture pursuant to
Fed. R. Crim. P. 32.2(c)(2) to account for the Petitioners'
respective interests because such interests were vested in them
rather than the Defendant at the time of the commission of the acts
which give rise to the forfeiture of the Property.  *See* 18 U.S.C. §
982(b)(1) (incorporating 21 U.S.C. § 853(n)).  The parties further
stipulate, however, that Larry Wells has an undivided one-half
ownership interest in the Property and the Preliminary Order of
Forfeiture remains valid to the extent it orders the forfeiture of
his interest.

3.   The parties agree that the sale of the Property shall be
handled by the U.S. Marshals Service in a commercially reasonable
manner.  The U.S. Marshals Service shall have sole authority to
select the means of sale, including sale by internet or through a
licensed real estate broker, and shall have sole authority over the
marketing and sale of the Property.  Dianna L. Wells shall vacate
the Property by December 1, 2007.  Until she vacates the Property,
Dianna L. Wells shall maintain the Property in good condition and
repair, and provide the U.S. Marshals Service or its agents with
reasonable access to the Property to facilitate its appraisal,
marketing and sale.  Dianna L. Wells further shall remove all
personal possessions, and the personal possessions of any former
occupant, including all vehicles, furniture, and trash.  Any and all
of Dianna L. Wells' personal possessions, and the personal
possessions of any former occupant, not removed will be disposed of
by the United States without further notice.  Any cost incurred by
the United States for disposal of personal possessions shall be

deducted from the payment to petitioner Dianna L. Wells as set forth in ¶ 4.f below.

4.   The United States agrees that upon entry of a Final Order of Forfeiture and sale of the Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to Dianna L. Wells and Washington Mutual Bank from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the Property, the following:

      a.   All unpaid principal due to the petitioner Washington Mutual Bank under the Deed of Trust recorded in the Monterey County, California, Official Records as instrument number 2003128164, dated October 7, 2003 and recorded October 21, 2003.  Said Deed of Trust secured a Promissory Note in the original amount of $1,467,000.00 dated October 7, 2003.  As of March 13, 2007, the principal balance due and owing on the Note was $1,476,692.45.  Accrued interest due on the Note through March 13, 2007 was $12,779.79.  Interest, subject to change, was accruing at the rate of $302.74 per diem commencing March 14, 2007.  The total amount necessary to pay the Note in full as of March 13, 2007 was $1,489,889.77.

      b.   All unpaid interest at the contractual base rate (not the default rate) under the above Note,

1   secured by the Deed of Trust, until the date of

2   payment.

3      c.   To Washington Mutual Bank: reasonable attorney's fees

4   not to exceed $2,500.00; all costs and expenses for

5   servicing the subject loan and preservation of the

6   Property to the extent recoverable under the above

7   Note, secured by the Deed of Trust; and any property

8   insurance and property taxes paid by Washington

9   Mutual Bank shall be reimbursed, until the date of

10  payment.

11     d.   A total fee of not more than $200 to process a

12  beneficiary demand statement and to record a

13  reconveyance of the Deed of Trust.

14     e.   The exact amount to be paid to Washington Mutual

15  Bank shall be determined at the time of payment,

16  but shall not be less than the amounts set forth

17  above.

18     f.   To petitioner Dianna L. Wells, 50% of the net

19  proceeds from the sale of the Property after the

20  above disbursements.

21     g.   To the United States of America, 50% of the net

22  proceeds from the sale of the Property after the

23  above disbursements to be forfeited to the United

24  States and disposed of as provided for by law.

25     5.  The payment to petitioners Dianna L. Wells and Washington

26  Mutual Bank shall be in full settlement and satisfaction of all

27  claims and petitions by Dianna L. Wells and Washington Mutual Bank

28  to the Property indicted by the Grand Jury for the Eastern District

of California on or about February 25, 2004, and of all claims
arising from and relating to the seizure, detention, and forfeiture
of the Property.   The payment to Dianna L. Wells and Washington
Mutual Bank shall not include any penalty payments, including any
prepayment penalties.

6.   Upon payment, Dianna L. Wells and Washington Mutual Bank
agree to assign and convey their respective security or other
interests to the United States via recordable documents and to
release and hold harmless the United States, and any agents,
servants, and employees of the United States (and any involved state
or local law enforcement agencies and their agents, servants, or
employees), in their individual or official capacities, from any and
all claims that currently exist or that may arise as a result of the
Government's actions against and relating to the Property.   As
against the United States and its agents, petitioners Dianna L.
Wells and Washington Mutual Bank agree to waive the provisions of
California Civil Code § 1542, which provides: "A general release
does not extend to claims which the creditor does not know or
suspect to exist in his favor at the time of executing the release,
which if known by him must have materially affected his settlement
with the debtor."   The release given under this paragraph shall
apply only to conduct that has or may have occurred up to and
including the date on which Washington Mutual Bank receives payment
under the terms of this agreement.   The waiver by Washington Mutual
Bank of Civil Code § 1542 pertains only to the release given by
Washington Mutual Bank under this agreement as to the subject
Property.   Washington Mutual Bank expressly reserves all rights, and
does not release any party, for any cross-complaint it might have in

1  the event Washington Mutual Bank is sued by a third party for the

2  actions of the United states or one of its agents, servants,

3  employees or representatives.

4      7.  Petitioner Washington Mutual Bank agrees not to pursue

5  against the United States any other rights that it may have under

6  the Promissory Note and/or Deed of Trust, including, but not limited

7  to, the right to foreclose upon and sell the Property during the

8  pendency of this proceeding or any post-forfeiture proceeding

9  relating to the marketing and sale of the Property, and any right to

10 assess additional interest or penalties except as specifically

11 allowed herein.

12     8.  Petitioners understand and agree that by entering into this

13 stipulation of their interest in the Property, they waive any right

14 to litigate further their ownership interest in the Property and to

15 petition for remission or mitigation of the forfeiture.  Thereafter,

16 if this Stipulation for Final Order of Forfeiture is approved by the

17 Court, then unless specifically directed by an order of the Court,

18 Dianna L. Wells and Washington Mutual Bank shall be excused and

19 relieved from further participation in this action.

20     9.  Petitioners understand and agree that the United States

21 reserves the right to void the stipulation if, before payment of the

22 Promissory Note or lien, the U.S. Attorney obtains new information

23 indicating that the petitioners are not "innocent owners" or "bona

24 fide purchasers" pursuant to the applicable forfeiture statutes.

25 The U.S. Attorney also reserves the right, in its discretion, to

26 terminate the forfeiture at any time and release the Property.  In

27 either event, the United States shall promptly notify the

28 Petitioners of such action.  A discretionary termination of

forfeiture shall not be a basis for any award of fees. Additionally, Washington Mutual Bank reserves the right to petition the Court for a modification of this order in the event it determines that the value of the subject Property is at an amount which may not be sufficient to satisfy its lien.

10. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation.  Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

11. Payment to the petitioners Dianna L. Wells and Washington Mutual Bank pursuant to this Stipulation is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture.  Further, the terms of this Stipulation shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

12. The court shall maintain jurisdiction over this matter to, inter alia, enforce the terms of this stipulation.

Dated: _10/17/07_                     McGREGOR W. SCOTT
                                      United States Attorney


                                      /s/ Courtney J. Linn
                                      COURTNEY J. LINN
                                      Assistant U.S. Attorney

///

///

///

8

1

2  Dated: __10-16-07__                        /s/ Dianna L. Wells__
                                              DIANNA L. WELLS
3                                             Petitioner

4  State of California              )
                                    )
5  County of Monterey               )

6  On __October 16, 2007__ before me, __Christina Wittrock__ , personally
   appeared DIANNA L. WELLS, ~~personally known to me~~ (or proved to me on
7  the basis of satisfactory evidence) to be the person whose name is
   subscribed to this instrument and acknowledged to me that she
8  executed the same in her authorized capacity, and that by her
   signature on the instrument the person, or the entity upon behalf of
9  which the person acted, executed the instrument.

10  CHRISTINA WITTROCK              WITNESS my hand and official seal
    Commission #1579844
11  Notary Public - California      /s/ Christina Wittrock__
    Monterey County                 Signature
12  My Comm. Expires May 17, 2009

13

14  Dated: __10/16/07__                       /s/ Kirk R. Wagner____
                                              ~~ANNE SECKER~~ Kirk R. Wagner
15                                            Attorney for Petitioner
                                              Dianna L. Wells
16

17

18  Dated: __10/15/07__                       /s/ Scott J. Stilman__
                                              SCOTT J. STILMAN
19                                            Attorney for Petitioner
                                              Washington Mutual Bank
20
                                              (Original signatures retained by
21                                            attorney)

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated: October 19, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE