McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
MATTHEW D. SEGAL
COURTNEY J. LINN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2708

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 2:04-cr-00069-MCE |
| | ) | |
| Plaintiff, | ) | FINAL ORDER OF FORFEITURE – |
| | ) | LUXEMBOURG FUNDS |
| v. | ) | |
| | ) | |
| LARRY J. WELLS, and | ) | |
| JEFFREY WELLS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Court makes the following FINDINGS:

1.  On February 12, 2007, this Court entered a Preliminary Order of Forfeiture against, among other assets, the following asset:

All funds frozen in Luxembourg in or about August 2005 pursuant to a Mutual Legal Assistance Treaty Request sent on or about May 10, 2004 (hereinafter the "Luxembourg funds").

The Court found that the Luxembourg funds constitute property traceable to a violation of 18 U.S.C. § 1957, as charged in Count Twenty-Two, to which defendant Larry J. Wells has pleaded guilty, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(1), and that the

1

government has established the requisite nexus between such

property and the offense of conviction.

2.   Pursuant to 18 U.S.C. § 982, incorporating 21 U.S.C. §

853(n), third parties asserting a legal interest in the

Luxembourg funds are entitled to a judicial determination of the

validity of the legal claims or interests they assert.  Section

853(n)(1) specifies that following the entry of the order of

forfeiture, the United States shall publish notice of the order

and of its intent to dispose of the property in such manner as

the Attorney General may direct.  Section 853(n)(1) further

specifies that to the extent practicable the United States may

also provide direct written notice to any person known to have

alleged an interest in the property that is the subject of the

order of forfeiture as a substitute for published notice as to

those persons so notified.

3.   On February 23, March 2, and 9, 2007, the United States

published notice of the Court's Preliminary Order of Forfeiture

in The Daily Recorder (Sacramento County) and The Monterey Herald

(Monterey County), newspapers of general circulation located in

this judicial district and in the judicial district where

defendant Larry Wells resided.  Said published notice advised all

third parties of their right to petition the Court within thirty

(30) days of the publication date for a hearing to adjudicate the

validity of their alleged legal interest in the forfeited

property.  A copy of said notices were filed on March 15, 2007.

The United States also published notice of the Court's

Preliminary Order of forfeiture on the internet site:

www.forfeiture.gov.  *See* Declaration of Publication filed

1   concurrently herewith.

2   4.   Apart from the defendants (whose interest in the
3   Luxembourg funds was extinguished upon entry of the Preliminary
4   Order of Forfeiture) the only individual known to have alleged an
5   interest in the Luxembourg funds is an individual named Anacleto
6   Salciccia.  *See* Declaration of Henry M. Kaiser filed concurrently
7   herewith; Declaration of Larry J. Wells filed concurrently
8   herewith.  Accordingly, on or about October 18, 2007, the United
9   States caused notice of forfeiture to be transmitted directly to
10  Anacleto Salciccia at a known address for that individual in
11  Istanbul, Turkey.  The United States has demonstrated that
12  Anacleto Salciccia received actual notice of this Court's
13  Preliminary Order of Forfeiture because the U.S. Attorney's
14  Office for the Eastern District of California was contacted by an
15  attorney who represented that he had been contacted by Anacleto
16  Salciccia in connection with this forfeiture proceeding
17  concerning the Luxembourg funds.  *See* Declaration of Courtney J.
18  Linn at ¶ 3.  The attorney requested an extension of time in
19  which to prepare and file a petition on Anacleto Salciccia's
20  behalf and the United States acceded to that request.  Id. &
21  Attachments B and C thereto.  When the time for filing a petition
22  had elapsed, the United States contacted the attorney who
23  requested additional time in which to determine whether Anacleto
24  Salciccia wished to file a petition.  Id. & Attachment D thereto.
25  That period of time has now also elapsed and Anacleto Salciccia
26  has not filed a petition with this Court, timely or untimely.

27  5.   Accordingly, the government has provided the requisite
28  notice of this Court's preliminary order of forfeiture filed

3

February 12, 2007, and of its intent to forfeit the Luxembourg funds and no party has filed a timely petition as required by Section 853(n).  In such circumstance, Fed. R. Crim. P. 32.2(c)(2) provides that if "no third party files a timely petition, the preliminary order of forfeiture becomes the final order of forfeiture if the court finds that the defendant (or any combination of defendant convicted in the case) had an interest in the property that is forfeitable under the applicable statute. Here, defendants Henry Kaiser and Larry Wells had an interest in the Luxembourg funds prior to the transfer of the funds into an account under the name of "Lybra" at Banca di Roma in Luxembourg. *See* Factual Basis in Plea Agreement of Henry Mead Kaiser filed April 13, 2004; *see also* Kaiser Decl. at ¶ 16-18; *see also* Factual Basis in Plea Agreement of Larry J. Wells filed June 19, 2006; *see also* Wells Decl. at ¶ 2.  Section 853(c) of title 21, which is incorporated through 18 U.S.C. § 981(c), provides that title to the Luxembourg funds vests in the United States upon the commission of the act giving rise to forfeiture and that the Court has the authority to order the forfeiture of the Luxembourg funds, notwithstanding the fact that they were subsequently transferred to a third party unless the transferee makes certain showings, which showings the transferee has not made here.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.  A Final Order of Forfeiture is hereby entered forfeiting to the United States of America all right, title, and interest in the following property pursuant to 18 U.S.C. § 982(a)(1), to be disposed of according to law, including all right, title, and

interest of defendants Larry J. Wells and Jeffrey Wells:

        a.    All funds frozen in Luxembourg in or about August 2005 pursuant to a Mutual Legal Assistance Treaty Request sent on or about May 10, 2004 (hereinafter the "Luxembourg funds").

    2.  All right, title, and interest in the above-described property shall vest solely in the United States America.

    3.  The United States Marshals Service shall maintain custody of and control over the Luxembourg funds, once they have been repatriated, until they are disposed of according to law.

Dated: March 26, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE